## 12864.  WILLIAMS v. THE STATE.

Similarity of sound of the exhaust of the automobile was a circumstance which could be considered by the jury, in connection with other circumstances, as tending to show the identity of the accused, where it was testified that the robbery in question was committed at a certain drug-store by persons who came to it in a party of three in a Ford cut-down car, and where a witness, who said he was in the prescription room of the store at that time and did not then see them or the car, testified that about thirty minutes before that time he saw the accused come to the store and leave it in a Ford cut-down automobile, that on each of these occasions he heard the exhaust of the automobile, and that on the second occasion "the exhaust sounded very much like the first — sounded like the cut-off, or whatever you call it, was open;" and the court did not err in admitting the testimony as to this similarity of sound.

A verdict supported by some evidence and approved by the trial judge can not be set aside by this court because of alleged insufficiency of evidence.

                    DECIDED NOVEMBER 18, 1921.

Indictment for robbery; from Fulton superior court — Judge Humphries.  July 31, 1921.

*John Y. Smith,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens,* contra.

BLOODWORTH, J. 1.  A witness testified that he was at the store where the robbery was committed, and saw the defendant and two others indicted with him come in and take a drink. He further testified that when they left one of them cranked the automobile, and that they "went on down West Fourteenth Street. I heard the exhaust of the car as it went off that time, and then I heard the exhaust of the car that the three people were in thirty minutes later when they came, and the exhaust sounded very much like the first time, sounded like the cut-off, or whatever you call it, was open." This evidence was objected to as follows: "I object to that, because I don't think he could identify the car by the sound of the exhaust." The court properly allowed the evidence to go to the jury. It was a circumstance which they could consider along with other evidence in determining the identity of the parties charged with the crime. The robbery was committed when the three people above referred to returned to the store later in the night.

2.  There is some evidence to support the verdict, which has been approved by the trial judge, no error of law appears, and, under repeated rulings of this court and of the Supreme Court, a reviewing court is powerless to interfere.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*