## 26776.   HIGHTOWER v. THE STATE.

UNDERCOFLER, Justice. This appeal is from the conviction and sentence of two years imprisonment for the offense of armed robbery. The appellant enumerates as error the denial of his objection to the introduction in evidence of a sawed-off shotgun alleged to have been used in the robbery, the same having been found in an automobile owned by the appellant as a result of what he contends was an illegal search and seizure. He contends that without this evidence the conviction cannot stand.

The evidence shows that the A. B. C. Liquor Store in Chatham County was robbed on June 20, 1970, about 11:15 p.m., by three subjects, one of whom was a Negro male wearing a floral-design shirt and carrying a sawed-off shotgun with red tape on it. A description of the subjects was issued to all law enforcement agencies. As a result of this, on June 20, 1970, one Pvt. Gross, a member of the military police at Hunter Army Air Field, stopped a 1969 Camaro automobile as it entered the base. It contained two Negro males, one of whom was wearing a floral shirt. After being removed from the automobile and informed that they were under suspicion for armed robbery, the two subjects broke away, got back into the automobile and escaped. Pvt. Gross managed to obtain part of the license number. Ten days later, Pvt. Gross saw the same car containing two Negro males enter Hunter Army Air Field. He notified the Chatham County Police Department and detectives were dispatched to the base. The Camaro automobile being driven by the appellant was stopped as it attempted to leave the base. A search of the automobile was conducted by one of the detectives who discovered and seized a sawed-off shotgun with red tape on it located under the right front seat of the car and $221. Pvt. Gross, Capt. Chapel, Operations Officer of the Provost Marshal's office, and Detective Freeman testified that the appellant gave them permission to search the automobile. The sawed-off

shotgun was identified by two robbery victims as the one used in the robbery. The appellant remained in military custody until a warrant for his arrest was obtained. *Held:*

1. The undisputed evidence shows that the appellant freely and voluntarily authorized a search of his automobile. Therefore, he cannot complain of an illegal search and seizure. *Trull v. Smith,* 226 Ga. 665 (5) (177 SE2d 73). Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) has no application here. It applies to in-custody interrogation. *Dennis v. State,* 226 Ga. 341 (2) (175 SE2d 17).
2. The evidence was sufficient to authorize the verdict.
3. Enumerations of error not argued are considered abandoned.

*Judgment affirmed. All the Justices concur.*
ARGUED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

*Drew, Hendrix & Shea, John W. Hendrix, Lionel E. Drew, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, DeVaul Henderson, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.