## 32498. DORSEY v. THE STATE.

NICHOLS, Chief Justice.

The defendant was tried and convicted of armed robbery and sentenced to 14 years, two years being probated. His amended motion for new trial was overruled and he appeals.

1. The first enumeration of error contends the trial court erred in overruling appellant's motion for new trial on the general grounds. The appellant was identified by the victim and another eyewitness to the robbery. He was also found to be in possession of the key to the victim's room when apprehended and a knife identified by the victim as the one used in the robbery. The evidence was more than sufficient to support the verdict, and there is no

merit in this enumeration of error.

2. The second enumeration of error contends the trial court erred in its charge on the essential elements of armed robbery. The trial court charged: "If you find that this defendant did take money from Jimmy Chandler by intimidation and use of an offensive weapon, a knife, it would not be material to your finding the amount of money taken. The amount of money is not material in the charge of armed.robbery." The charge was a correct statement of the law and was neither confusing nor misleading to the jury. *McKisic v. State,* 238 Ga. 644 (2) (234 SE2d 908) (1977).

3. The third enumeration of error complains of the trial court's charge on recent possession. The court charged that: ". . . if you should find that a crime has been committed as charged in the indictment . . . and if recently thereafter the defendant should be found in possession of the property, or a part thereof, stolen as a result of such crime, that would be a circumstance from which you, the jury, would be authorized to infer guilt, if you see fit to do so." The charge as given did not tend to shift the burden of proving his innocence to the defendant. See *Thomas v. State,* 237 Ga. 690 (II) (229 SE2d 458) (1976). There is no merit in this enumeration of error.

4. The fourth enumeration of error complains of the court's charge that the jury should work together, consider the views of each other in an effort to reach a unanimous verdict, without surrendering his or her honest difference of opinion.

The charge given is suggested by the American Bar Association Standards on Criminal Justice, § 5.4, p. 332, and is contained in the Superior Court Judges Manual, Conduct During Deliberation, § 1-9, p. 23.

The charge as given shows no error and there is no merit in this enumeration of error. See *Ponder v. State,* 229 Ga. 720 (194 SE2d 78) (1972); *Mize v. State,* 140 Ga. App. 17 (5) (230 SE2d 81) (1976).

The trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

<small>SUBMITTED JULY 1, 1977 — DECIDED SEPTEMBER 7, 1977.</small>

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.