59482. BROWN v. THE STATE.

SMITH, Judge.

Appellant was convicted of selling a quantity of marijuana to a GBI agent. He asserts on appeal 1) that the jury instruction "If there are conflicts in the testimony, it is your duty to reconcile these conflicts if you can so as not to impute perjury to any witness; but if there are conflicts which you cannot reconcile, then you should believe that witness or those witnesses you find to be most believable" lessened the state's burden of proof to a preponderance of the evidence and 2) that the evidence was insufficient to support the verdict under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We affirm.

1. Following the charge to the jury, the trial court asked:

"[Would] Counsel like to note for the record any exceptions or objections to the Charge of the court [?]" Appellant's counsel responded: "None from the defendant." Under *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979), appellant has waived his right to raise the asserted error in the charge.

2. Appellant concedes there was evidence to support the verdict. Nonetheless, appellant contends the evidence was insufficient to satisfy the standards set forth in Jackson v. Virginia, supra. We cannot agree.

Appellant argues that, since six witnesses testified in support of his alibi defense, a rational trier of fact would have had a "reasonable doubt" as to appellant's guilt. However, the evaluation of the credibility of the witnesses was for the jury. The testimony of the state's two eyewitnesses, in conjunction with the other evidence adduced at trial, provided a basis from which a rational trier of fact could reasonably have rejected appellant's alibi defense and found appellant guilty of the offense charged beyond a reasonable doubt. Jackson v. Virginia, supra.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED APRIL 15, 1980.

*J. Wayne Moulton,* for appellant.

*J. W. Morgan, District Attorney, Charles Day, Assistant District Attorney,* for appellee.