## 60605. KNOX v. THE STATE.

SHULMAN, Judge.

Defendant appeals from convictions of the offenses of armed robbery and possession of a firearm during the commission of a crime involving the person of another. We affirm.

1. A prosecuting witness testified concerning a conversation with appellant's co-defendant in which statements made by appellant were recounted by his co-defendant. Appellant contends that the witness' testimony was hearsay and that its admission constituted reversible error.

Code Ann. § 38-306 holds that the "declarations of any one of the conspirators during the criminal project shall be admissible against all." "'[T]he parties to such a conspiracy would be considered so much of a unit that the declarations of either are admissible against the other. [Cits.]" *Hardy v. State,* 245 Ga. 272 (2) (264 SE2d 209).

Inasmuch as there was evidence sufficient to establish a prima facie case of conspiracy between appellant and his co-defendant, appellant and his co-defendant would be considered as a unit. That being so, statements allegedly made by the appellant to his co-defendant and recounted to a third person constitute statements from the conspiratorial unit to a third party. The admission of such statements or declarations is authorized under Code Ann. § 38-306. Compare *Harper v. State,* 152 Ga. App. 689 (263 SE2d 547), where the statements of a defendant were recounted to a third person by an individual not part of the conspiratorial unit and were held to constitute inadmissible hearsay.

We find no error in the admission of the complained of testimony for the reason assigned.

2. Nor did the trial court err in admitting a police officer's testimony relating facts told to him by other parties. Such testimony did not constitute hearsay but, rather, was relevant and admissible to explain the officer's conduct during his investigation of the instant case. See *Harrell v. State,* 241 Ga. 181 (1) (243 SE2d 890), where the Supreme Court addressed and disposed of arguments similar to those raised by this appellant regarding the admissibility of such testimony. We note, too, that in the instant case the trial court did

instruct the jury to consider the statements admitted under Code Ann. § 38-302 only for the purpose of explaining conduct, and not for the truth of the assertions made. Id., Division 2.

Nor has appellant raised any additional grounds or rule of evidence which would render such testimony inadmissible. See in this regard *Mooney v. State,* 243 Ga. 373, 393 (254 SE2d 337). This enumeration of error, therefore, does not present grounds for reversal.

3. Appellant contends that the police officer's reference in his testimony on direct examination to a "polygraph" was prejudicial error mandating the court's grant of a mistrial. Under the precise circumstances of this case, we find no error.

In response to a question propounded by the district attorney as to what happened after the officer had interviewed and taken a statement from the defendant, the officer testified that he asked the defendant if he would take a polygraph examination. Defense counsel immediately moved for mistrial, which motion was denied.

Although we agree with appellant that the police officer should have known better than to unwarrantedly bring up the subject of a polygraph examination, we find that under the facts of the instant case, the trial court did not abuse its discretion in denying appellant's motion for a mistrial.

The Supreme Court, in considering this issue, has not required that "a new trial be granted on every occasion where a jury is apprised that a lie detector test has been given." *Herlong v. State,* 236 Ga. 326 (3) (223 SE2d 672). Moreover, "the mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial *if* no inference as to the *result* is raised . . ." (Emphasis supplied.) *Stack v. State,* 234 Ga. 19, 23 (214 SE2d 514). Where, as here, there was no testimony as to whether or not defendant actually took a polygraph (only that the defendant was asked if he wanted to take a polygraph examination) and where the trial court gave corrective instructions to the jury to disregard any reference to a polygraph (the results of which the court stated would be inadmissible regardless of whether they were favorable or unfavorable to the defendant), the mere reference to a polygraph examination, without more, did not mandate the grant of a mistrial. See also *Drake v. State,* 142 Ga. App. 14 (234 SE2d 825).

4. Inasmuch as there was testimonial evidence regarding certain monies found upon and in the vicinity of the defendant (see in this regard *Mitchell v. State,* 236 Ga. 251 (3) (223 SE2d 650); *Hightower v. State,* 228 Ga. 301 (185 SE2d 82)), the admission of money itself into evidence did not constitute reversible error. See, e.g., *Carnes v. State,* 115 Ga. App. 387 (154 SE2d 781).

5. Defendant complains that the court's charge on the inference derived from recent possession of stolen property (see *Dorsey v. State,* 239 Ga. 564 (3) (238 SE2d 98)) was error in that there were no facts in evidence to support a charge. As stated above under Division 4, there was testimony that defendant was in possession of certain sums of money just after the robbery in question. Since "[a] jury may consider as circumstantial evidence the amount of money found on the defendant shortly after a robbery" (*Mitchell,* supra, Division 3), the charge on recent possession of stolen property (i.e., money) was properly applicable to the facts and not error for the reason assigned.

Finding no error, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted September 16, 1980 — Decided November 21, 1980 — Rehearing denied December 9, 1980 —

*David R. Montgomery,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.