60623, 60624, 60625. COOK v. THE STATE (three cases).
60720. JEFFERSON v. THE STATE.

CARLEY, Judge.

Appellants in these companion cases were tried jointly on charges of kidnapping for ransom, rape, armed robbery and aggravated sodomy. The jury returned verdicts of guilty on all charges. Appeals from the denial of their respective motions for new trial are consolidated for review.

1. The notices of appeal in Case Numbers 60624 and 60625 were not timely filed within the mandate of Code Ann. § 6-803 (a) and the appeals filed pursuant to those notices are, accordingly, dismissed.

2. Appellants enumerate error in the admission, over objection, of testimony concerning their previous commission of an abduction and rape which was separate and distinct from that for which they were being tried. "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). We find meritless appellants' argument that the second prerequisite to admission of evidence of their commission of an independent crime — similarity between the offenses — was not satisfied. The circumstances surrounding the previous crime and those attendant to the crimes for which they were convicted in the instant case are strikingly similar. In both instances there was an early morning forceable abduction into an automobile of a young woman culminating in rape. *Shirley v. State,* 148 Ga. App. 96, 98 (3) (251 SE2d 57) (1978). Appellants' attempts to demonstrate that dissimilarities existed between the two offenses are strained and unconvincing. Any such dissimilarities are, at best, trivial.

In the instant case the identity of the perpetrators was of paramount importance, the victim having been accosted during darkness, forced into the trunk of a car, driven to a secluded area and then blindfolded. The evidence concerning the appellants' commission of the previous similar offense was clearly admissible on the question of identity. *State v. Johnson,* 246 Ga. 654 (1980). The jury was instructed, both at the time the testimony was offered and

when charged at the conclusion of the evidence, that it was being admitted and should be considered for limited purposes only, including the identity of appellants. We find no error in the admission of the testimony for the purposes so stated.

Appellant-Cook's assertion that his motion for new trial was erroneously denied because the state's evidence failed to show he was the perpetrator of the crimes is wholly without merit. In addition to the evidence that he had committed the previous similar offenses — evidence which "was probative as to identity" under *State v. Johnson,* 246 Ga. 654, supra — there was ample circumstantial evidence identifying Cook as one of the two perpetrators of the crimes charged in the instant case. See *Williams v. State,* 27 Ga. App. 684 (109 SE 535) (1921). The evidence for the state adduced at trial provided a basis from which a rational trior of fact could reasonably have rejected Cook's alibi defense and found him guilty of the offenses charged beyond a reasonable doubt. *Brown v. State,* 154 Ga. App. 358 (268 SE2d 731) (1980).

3. During the course of cross-examination of a state witness by counsel for appellant-Cook, the assistant district attorney on several occasions raised objections to the line and form that the questioning was taking. Ultimately, after defense counsel posed another dubious question to the witness, the trial judge, sua sponte, interposed the following: "That rhetoric is exactly what the [assistant] district attorney is going to." Cook's counsel replied: "I'm sorry" and cross-examination continued. On appeal it is urged that the trial judge erred in making the "improper and prejudicial" comment. We do not agree. " 'It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness.' [Cit.]" *Moore v. State,* 153 Ga. App. 511, 512 (265 SE2d 821) (1980). It is clear that in the instant case the comment of the trial court to counsel was made and accepted as a direction to maintain the questioning within the bounds already delimited. There was no error.

4. Appellants enumerate error in the failure of the trial judge to charge on robbery by intimidation, a lesser included offense of armed robbery. There was no error for several reasons. Appellants made no request for such a charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). And, at the conclusion of the court's initial charge and again after the court, in response to the jury's question, explained that a verdict of guilty on a lesser charge than armed robbery would not be

authorized, appellants' counsel was asked whether there was any objection. In both instances, counsel for appellants raised no objection. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Most importantly, however, appellants relied on alibi as a defense and "[t]herefore, under the evidence, [appellants] could only be guilty as charged or not guilty of any offense whatsoever. This being so, the lesser included offense . . . was not raised by the evidence and it was not error to fail to charge the jury on [the] lesser crime as a possible verdict. [Cits.]" *Timley v. State,* 134 Ga. App. 727 (215 SE2d 735) (1975).

5. Appellant-Jefferson enumerates error in the admission over objection of certain hearsay testimony by a witness for the state. During the course of cross-examination of the witness, an investigating officer, Jefferson's counsel made inquiry as to why certain leads concerning an individual named "Juston" had not been "followed up," intimating that the witness "figures that, you know, you already had your man, you didn't need to find out who that person was." The witness responded: "There was additional explanation made at a later date as to who Juston was." Jefferson's counsel, however, made no further inquiries concerning "Juston." On redirect the witness was asked to reveal the "additional" explanation that he had received concerning "Juston's" identity. Over Jefferson's objection, the witness was allowed to testify that he had learned that another officer had been informed by Jefferson's roommate "that the name Juston Perry was a name that [Jefferson] used when he went to clubs, when introducing himself to girls."

"[W]hen evidence, otherwise hearsay, is offered and admitted for the purpose of explaining conduct, it becomes original evidence for that purpose." *Frazier v. State,* 150 Ga. App. 343 (258 SE2d 29) (1979). The trial judge instructed the jury that the testimony of the witness was being admitted "not to prove the truth of those statements but to show . . . his attitude as to whether or not this was 'an important case to him.' " "[T]he testimony was obviously not introduced to prove the truth of the information, but only to 'explain conduct and ascertain motives' of the police investigation. It was admissible under Code § 38-202 . . . ." *Braden v. State,* 135 Ga. App. 827, 830 (219 SE2d 479) (1975). "The testimony here by the [witness] was properly allowed in evidence to show his [lack of further] investigation of the matter once it had been reported to him." *Wynne v. State,* 139 Ga. App. 355, 359 (228 SE2d 378) (1976). In view of the instruction by the trial court as to the limited purpose for which the testimony was allowed, we find no error.

*Appeals in Case Numbers 60624 and 60625 dismissed. Judgments in Case Numbers 60623 and 60720 affirmed. Quillian, C. J.,*

*and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981.

*Louise T. Hornsby,* for appellant (case no. 60623).
Thomas L. Cook, Jr., *pro se* (case nos. 60624, 60625).
*Brooks S. Franklin,* for appellant (case no. 60720).
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.