## 61818. TRAYLOR v. THE STATE.

SHULMAN, Presiding Judge.

This appeal is from appellant's conviction of possession of more than one ounce of marijuana. We affirm.

1. Appellant's contention that the trial court erred in denying his motion to suppress the evidence seized in a search of his car must fail in light of evidence authorizing the lower court to determine that appellant freely gave his consent to search the car. " '[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]' " *Williams v. State,* 151 Ga. App. 833, 834 (261 SE2d 720).

2. The state presented evidence of three previous drug transactions in which appellant was involved. The circumstances of those transactions were shown to be identical to the transaction in which appellant was apparently involved when surprised by law enforcement officials. Notwithstanding the fact that the evidence

undoubtedly placed appellant's character in evidence, it was admissible for the purpose of proving motive, plan, scheme, bent of mind or course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321). In addition, the evidence was pertinent to one of the defenses raised by appellant. Its admission was not error.

3. Appellant's last argument is that the state failed to prove his possession of the contraband involved because the testimony of the person who was selling the drugs to appellant was that the transaction was interrupted by the arrival of the police before he finished counting the money and formally delivered possession to appellant. We agree with the state that appellant's argument is sheer sophistry.

The evidence showed that the seller entered appellant's car and placed the contraband between himself and appellant. Appellant gave the seller money. Under those circumstances, and especially in light of evidence that the same seller had previously delivered drugs to appellant on credit, we find the evidence sufficient to support a finding that appellant was in possession of the drugs found in his car.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 26, 1981.

*Jerry Boykin, Thomas M. Jackson,* for appellant.
*Willis B. Sparks III, District Attorney, Vernon Beinke, Assistant District Attorney,* for appellee.