## 64611. MILLWOOD v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of voluntary manslaughter and sentenced to serve 15 years in confinement. He now asserts three enumerations of error on this appeal. *Held:*

1. Defendant first contends that the trial court erred in allowing evidence of an incident occurring a year earlier in which he had used a knife against an unarmed man in a fight. As a general rule, evidence of criminal acts committed by a defendant not included in the indictment are inadmissible because it tends to impermissably put the defendant's character in issue. See Code § 38-202. This rule appears to have been established in the case of *Cawthon v. State,* 119 Ga. 395, 396 (4) (46 SE 897) (1904). Exceptions to the rule were established 10 years later and developed over the years allowing the evidence of other crimes for the "limited" purpose of showing identity, malice, intent, motive, plan, scheme, course of conduct, common design, bent of mind, modus operandi and the like. *Frank v. State,* 141 Ga. 243, 256-268 (2) (b) (80 SE 1016) (1914). See *Cox v. State,* 165 Ga. 145 (1) (139 SE 861); *Williams v. State,* 152 Ga. 498, 521-522 (1) (110 SE 286); and cases cited infra.

The rule of inadmissibility of evidence of separate crimes and the exceptions to the rule have been applied in countless cases, the most oft cited in recent years being: *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515); *French v. State,* 237 Ga. 620, 621 (229 SE2d 410); and *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). See *Moore v. State,* 221 Ga. 636, 637 (146 SE2d 895). In *French v. State,* 237 Ga. 620, 621, supra, citing *Bacon v. State,* 209 Ga. 261, supra, and *Howard v. State,* 211 Ga. 186 (84 SE2d 455), the Supreme Court established two conditions which must be satisfied before evidence of other crimes could become admissible: "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former

tends to prove the latter."

In *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321), reversing *Johnson v. State,* 154 Ga. App. 793 (270 SE2d 214), the Supreme Court sought to clarify the subject by adding: "We do not concede, as suggested by some, that the exceptions have swallowed the rule of inadmissibility of separate crimes. The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." See generally Justice Hardy Gregory, Jr.'s survey article on Evidence, 33 Mercer Law Review 129, 129-130 (1981).

Thus, it is now reasonably clear that evidence of *similar* crimes is generally admissible for the limited purposes stated above. Of course, the burden rests on the state, the proponent of the evidence, to provide a sufficient quantum of proof to support the conclusion that the other crime is in fact "similar" to the crime charged. In addition, there are two other specific limitations pertinent to the admissibility of evidence of independent crimes. One is that "[r]egardless of the similarity of the two crimes, evidence of the separate offense should never be admitted unless 'the prejudice it creates is outweighed by its relevancy to the issues on trial.' *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30)." *Campbell v. State,* 234 Ga. 130, 132 (214 SE2d 656). The other is that "lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question [although] it is not wholly determinative." *Campbell v. State,* supra, at page 132 (allowing, however, evidence of a similar crime committed seven years earlier and noting other cases allowing evidence of similar crimes despite an extensive time lapse).

Guided by these principles we now turn to the issue sub judice. The identification of defendant as the perpetrator of the previous criminal act was clearly established, so the resolution of the issue of admissibility hinges on whether the previous criminal act and the crime charged were sufficiently similar. (They were not connected.) In regard to the crime charged, the state sought to prove that the decedent came to defendant's home to confront him about an alleged improper advance defendant had made toward a named female that day; an argument ensued, escalating to a fight, and defendant pulled a knife, slashed the decedent several times and then plunged the knife into the decedent's body. Defendant denied having stabbed the decedent or even having a knife in his possession at the time. The inference he sought to create was that the decedent had the knife and

either defendant turned the knife on him or the decedent fell on it during the fight or while decedent was running away.

In the previous incident, defendant confronted another man about suspected misconduct with his (defendant's) wife. Defendant chased the man into a convenience store, pulled a knife and cut him. He also beat the man severely. While these two incidents were not factually identical (see *Traylor v. State,* 159 Ga. App. 97, 98 (2) (282 SE2d 735)); "remarkably similar" as in *Bissell v. State,* 157 Ga. App. 711, 713 (7) (278 SE2d 415); or "strikingly similar" as in *Cook v. State,* 157 Ga. App. 23 (2) (276 SE2d 84), we find that they were "sufficiently similar" for admissibility purposes. *State v. Johnson,* 246 Ga. 654, 655, supra. See *Anthony v. State,* 160 Ga. App. 842, 843 (2) (287 SE2d 686); *Baxter v. State,* 160 Ga. App. 181, 184 (2) (286 SE2d 460). See generally *Jones v. State,* 158 Ga. App. 585, 586 (2) (281 SE2d 329); *Huckeba v. State,* 157 Ga. App. 795, 799 (2) (278 SE2d 703); *Ables v. State,* 156 Ga. App. 678, 679 (275 SE2d 750). Being sufficiently similar to the crime charged, evidence of the previous incident was admissible for the limited purpose of showing defendant's propensity for knife wielding, which falls within the "bent of mind" exception to the inadmissibility rule. See *Hart v. State,* 149 Ga. App. 785, 785-786 (2) (256 SE2d 127) and cases cited, supra. We also find that the trial court issued proper limiting instructions to the jury (which dispels defendant's second enumeration of error).

2. Defendant also contends that the trial court erred in denying his motion for new trial on the ground of newly discovered evidence. In order for a movant to be entitled to a new trial on the basis of newly discovered evidence, he must satisfy the six requirements enunciated in *Berry v. State,* 10 Ga. 511, 527 (14), as restated and developed in a number of cases. See, e.g., *Bell v. State,* 227 Ga. 800, 805 (3) (183 SE2d 357). However, it is implicit in these six requirements that the newly discovered evidence be admissible evidence. *Timberlake v. State,* 246 Ga. 488, 491 (1) (271 SE2d 792). It is this threshold requirement that defendant's new evidence fails to satisfy. The purported newly discovered evidence is the "sworn statement," as designated by a certified court reporter, of a man who approached defense counsel after the trial, claiming that a person he knew told him that he had accompanied the decedent to defendant's house and that the decedent had gone there with the intent to harm defendant. This is hearsay, inadmissible as evidence. Code § 38-301. It could not even be admissible for impeachment purposes because the alleged companion did not testify.

There are a number of other flaws in the newly discovered "evidence" that would preclude it as serving as the basis for a grant of

new trial. For one thing, the assertion that the decedent was the agressor was immaterial in light of the fact that defendant was tried for voluntary manslaughter, not murder (the serious provocation element being one of the key distinguishing characteristics between the two offenses). See *Bailey v. State,* 240 Ga. 112, 115 (2) (239 SE2d 521); *Reeves v. State,* 234 Ga. 896, 897 (1) (218 SE2d 625); *Young v. State,* 232 Ga. 285, 290-291 (206 SE2d 439). That the decedent had been the aggressor *with a weapon* would be material new evidence, creating a justification defense (see Code Ann. § 26-901 (a) (Ga. L. 1968, pp. 1249, 1272)) and Code Ann. § 26-902 (Ga. L. 1968, pp. 1249, 1272), but the statement contains nothing probative toward defendant's claim that the decedent had the knife, only that he initially may have been the aggressor. The trial court also noted that the witness giving the statement had been convicted of a crime of moral turpitude.

Thus, even if this evidence had passed the threshold test of admissibility, it would have failed to satisfy the six *Berry v. State,* 10 Ga. 511, supra, requirements (each of which must be satisfied, *Offutt v. State,* 238 Ga. 454, 455 (233 SE2d 191)), most notably the third requirement, "that it is so material that it would probably produce a different verdict." *Bell v. State,* 227 Ga. 800, supra, at page 805. Compare *Lee v. State,* 146 Ga. App. 189, 192 (III) (a) (245 SE2d 878) (newly discovered eyewitness). It also fails to satisfy the fourth requirement, "that it is not cumulative only," *(Bell v. State,* 227 Ga. 800, supra, at 805) in that it is similar to other defense evidence and not "of a higher and different grade." *Johnson v. State,* 196 Ga. 806 (2) (27 SE2d 749). Compare *Banks v. State,* 235 Ga. 121, 124-125 (218 SE2d 851); *Lee v. State,* 146 Ga. App. 189, supra, at page 193 (III) (b). Finally, defendant has not satisfied us that even if the evidence were admissible, it would be admissible for a purpose other than impeaching the anticipated testimony of the alleged companion of the decedent. Hence, defendant has also failed to satisfy the sixth requirement, "that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Bell v. State,* 227 Ga. 800, supra, at page 805.

For the foregoing alternative reasons, we hold that the trial court correctly denied defendant's motion for a new trial on the grounds of newly discovered evidence.

*Judgment affirmed. Banke, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED DECEMBER 7, 1982 —

*Robert J. Reed,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.