## 64893. KING v. THE STATE.

SOGNIER, Judge.

Kidnapping and attempted rape. King appeals on the general grounds, and also contends that the trial court erred by giving a burden-shifting charge.

The evidence disclosed that about 12:30 a.m. the victim, a 15-year-old girl, was standing on the street waiting for her girlfriend. She was grabbed by appellant and another man, Andre Brown, forced into a car and driven to an apartment. She was then beaten and forced to remove her clothing; appellant and Brown then took off their

clothes and appellant started beating the victim again. She screamed for help; two men from a nearby apartment heard her, called the police and went to the apartment where the victim was being held. Appellant and Brown dressed and departed; when the police arrived the victim was crying uncontrollably and shaking all over. She told the police the men had tried to rape her; while the victim was standing outside being interviewed by the police, appellant and Brown went by in a car. The victim and the two men who had helped her told the police "there they go"; the police followed the car and apprehended appellant, Brown and a female who was driving.

Appellant and Nancy Johnson, the female driving the car in which appellant was apprehended, testified that the victim was picked up in a bar by Brown and went to the apartment with him willingly. Appellant denied entering the apartment, and also denied beating the victim.

1. The only issue in this case is credibility, and the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). This court passes on the sufficiency of the evidence, not its weight, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978), and we find the evidence sufficient to meet the requirements of Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant complains of a burden-shifting charge in the court's charge to the jury. However, when asked by the trial court at the conclusion of its charge if counsel for the state or the defendant had any objections, exceptions, additions or omissions, appellant's counsel responded: "None, your honor." Our appellate courts have held that under such circumstances an appellant has waived his right to assert error in the charge. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979); *Brown v. State,* 154 Ga. App. 358, 359 (268 SE2d 731) (1980).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided January 10, 1983.

*J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, John Turner, Assistant District Attorneys,* for appellee.