67054. SWINDLE v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of aggravated assault and appeals (1) on the general grounds. He also contends the trial court erred (2) by allowing the state to impeach appellant, thereby placing his character in issue, and by denying his motions for mistrial relating thereto; (3) by allowing appellant's statements into evidence; (4) by charging the jury erroneously on character evidence, and by failing to charge on the form of the verdict as to the lesser offense of simple battery; and (5) by allowing the prosecuting attorney to ask appellant how many times he had discussed his case with his defense counsel.

Marilyn Seals went to appellant's apartment the morning of October 7, 1980 to straighten out an argument they had had the preceding night. Appellant would not let her in, so Seals threw a rock through a window, unlocked the door and went upstairs to appellant's bedroom. Appellant reached for a gun by his bed and Seals ran downstairs. Before she could get out the door appellant shot her through the back. Appellant acknowledged shooting Seals but testified he thought she was a burglar when he saw a shadow in his bedroom doorway.

1. We find the evidence sufficient to support the verdict. We also find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to allow the state to introduce evidence of appellant's conviction for child abandonment to impeach appellant, as it improperly placed his character in evidence.

Seals, who lived with appellant for several months, testified that he was the father of her child born in March 1981; appellant testified he was not the father. Thereafter, the state was allowed to introduce a prior conviction of appellant for child abandonment to disprove appellant's testimony that he was not the father. This was not error, as a witness may be impeached by disproving facts testified to by him. OCGA § 24-9-82 (Code Ann. § 38-1802). When two witnesses are directly in conflict, the jury may take into consideration evidence corroborating either as to any material issue, with a view to determining which is to be credited. *Middle Ga. &c. R. Co. v. Barnett,* 104 Ga. 582, 584 (1) (30 SE 771) (1897); *Harris v. State,* 96 Ga. App. 395, 401 (3) (100 SE2d 120) (1957).

3. Appellant contends it was error to admit into evidence two statements made by him, as he had not been advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). This enumeration of error is without merit.

When Detective Tom Murphy arrived at appellant's apartment he asked him what had happened. Appellant stated he awoke and saw someone in the bedroom doorway, so he took his revolver from underneath his pillow and shot whoever was standing in the doorway. This single threshold inquiry by Murphy as to what happened was not an impermissible interrogation under Miranda. *Shy v. State,* 234 Ga. 816, 822 (I) (218 SE2d 599) (1975). Murphy then advised appellant of his Miranda rights. Appellant understood his rights and did not want to answer further questions without contacting an attorney. Murphy then stated that the story appellant told "did not jive up," and it looked like whoever did the shooting had to be standing at the top of the stairs. Appellant then stated, "[w]ell, I may have been standing at the top of the stairs." Appellant argues that this latter statement is not admissible under the holding in Edwards v. Arizona, 451 U.S. 477 (b) (101 SC 1880, 68 LE2d 378) that once an accused has invoked his right to have counsel, a valid waiver of that right cannot be established by showing the defendant responded to further police-initiated custodial interrogation.

Edwards is inapplicable to the facts of the instant case. Assuming that appellant was in custody at the time, there was no

"police-initiated custodial interrogation" after appellant stated he wanted a lawyer. Murphy merely expressed aloud his opinion as to what was shown by the physical evidence. Murphy's statement was not a question and called for no response. Thus, appellant's voluntary response was a spontaneous in-custody statement, which is admissible. *Allums v. State,* 161 Ga. App. 842, 846 (5) (288 SE2d 783) (1982).

4. Appellant contends the trial court's charge to the jury on good character was erroneous, as was the court's failure to charge on the lesser offense of simple battery. Appellant waived his right to enumerate errors on these grounds by replying in the negative to the court's inquiry as to whether he had any objections to the charge or further requests to charge. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979); *Brown v. State,* 154 Ga. App. 358, 359 (268 SE2d 731) (1980).

5. Appellant contends it was error to allow the prosecuting attorney, over objection, to repeatedly ask appellant how many times he had discussed his case with defense counsel. He argues that the prosecutor was implying that appellant and his counsel had conspired to invent a defense. This contention is not supported by the record, which shows the question was asked one time.

Appellant has failed to show how he was prejudiced by the question and has cited no authority in support of his contention. The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Leonard v. State,* 146 Ga. App. 439, 443 (4) (246 SE2d 450) (1978).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided February 9, 1984.

*G. Terry Jackson,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.