## 67883. SPURLIN v. THE STATE.

BENHAM, Judge.

Appellant was convicted of armed robbery. In his sole enumeration of error, he questions the admission of evidence concerning a crime for which he was not being tried.

The armed robbery occurred in the pharmaceutical department of an independently-owned Clayton County drug store on December 14, 1982, at 6:45 p.m. Two armed men, one in his late forties and the other in his mid-twenties, approached the prescription department, where the older man spoke with the pharmacist. The two men then forced the pharmacist and his assistant to lie on the floor of a storage area and bound them with adhesive tape. Various types of narcotics were then taken from the prescription drug area of the store. Both the pharmacist and his assistant identified appellant as the older assailant.

Through the testimony of another pharmacist, the State presented evidence that an independently-owned pharmacy in DeKalb

County was the site of an armed robbery at 6:25 p.m., on December 28, 1982. There, two men, one in his late forties and the other in his early thirties, entered the store, and the older man approached the prescription drug counter and spoke with the pharmacist. He then pointed a gun at the pharmacist and demanded narcotics. After the perpetrators had gotten what they wanted, the robbers ordered the pharmacist and his assistant into the stockroom where they were forced to lie down on the floor. The pharmacist was then bound with adhesive tape while a vacuum cleaner cord was used to secure the assistant. The pharmacist/victim identified appellant as the older of the two men who had robbed his store.

" '[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321) (1980). While the trial court grappled with the issue of the similarities of the two crimes, we have no such difficulty in concluding that the DeKalb County incident was "sufficiently similar" to the crime charged so as to authorize the trial court's admission of the questioned evidence. See *Millwood v. State,* 164 Ga. App. 699 (1) (296 SE2d 239) (1982).

In making its decision to admit the evidence of the DeKalb County armed robbery, the trial court said, out of the presence of the jury, "I have decided to let the jury make the decision as to whether or not there is a similarity or sufficient similarity to draw any inference." Appellant contends that, through this statement, the trial court improperly submitted a question of law to the finder of fact. We disagree. While the wording of the trial court's decision is not what we would have used, the questioned phrase was the device through which the evidence of a similar crime was admitted for the jury's consideration. The jury was never instructed that it had to make a determination of similarity before it could consider the evidence. (Compare the scenario when the voluntariness of a defendant's confession is questioned.) Furthermore, the jury was instructed that the evidence of the similar offense was admitted solely for the jury's consideration regarding motive, intent, knowledge, identity, and the like. While the words used by the trial court to admit the evidence may have been poorly chosen, no matter of law was improperly submitted to the jury.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1984.

*Jay W. Bouldin*, for appellant.

*Robert E. Keller, District Attorney, Keith C. Martin, Assistant District Attorney*, for appellee.