## A90A1075. WALKER v. THE STATE.

(397 SE2d 28)

BANKE, Presiding Judge.

The appellant was convicted of one count of selling methamphetamine, one count of delivering cocaine and three counts of selling cocaine in violation of the Georgia Controlled Substances Act. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that he was entitled to a directed verdict of acquittal on all five counts due to the absence of proof that he was a direct participant in any of the transactions. Although the appellant, who operated a limousine service, was not physically present when any of the transactions took place, the deliveries in question were made by two of his employees, and these employees testified that they had been acting at the appellant's direction at the time. Construed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was a party to each of the five offenses within the contemplation of OCGA § 16-2-20. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in admitting, as similar transaction evidence, testimony concerning his prior procurement of cocaine for his own use. The evidence in question consisted of testimony by the appellant's limousine driver recounting several past occasions when he had purchased cocaine for the appellant and delivered it to him while on duty. This witness had also made the deliveries involved in four of the five transactions charged in the indictment. While the ultimate purchaser in each of the latter transactions had been an undercover police officer rather than the appellant himself, the prior transactions were otherwise similar to the transactions for which the appellant was on trial in that each was conducted at the appellant's direction, each involved the use of the limousine, and each involved the use of a beeper to contact the driver. Moreover, the supplier of the drugs for two of the prior transactions was the same individual who had supplied the drugs for four of the five transactions charged in the indictment. Under the circumstances, we hold that the prior offenses were sufficiently similar to the offenses for which the appellant was on trial to be admissible as evidence of his involvement therein. See generally *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239) (1982).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Notte & Bianco, Guy J. Notte,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Scott A. Smeal, Assistant District Attorneys,* for appellee.