## A91A0244. CABRAL v. THE STATE.
(405 SE2d 556)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of failing to stop at or to return to the scene of a vehicular collision in violation of OCGA § 40-6-270. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Two eyewitnesses to the incident had identified appellant based upon a pre-trial photographic display. At trial, these eyewitnesses testified, without objection, to their pre-trial identification of appellant. The only objection to any pre-trial identification evidence that was ever raised was when the State tendered the actual photographic display for admission into evidence. At that point, appellant's counsel objected that the photographic display was "unfairly prejudicial in that [it] doesn't fairly and accurately depict. I mean there's one person with short hair and the rest of them have long hair."

Assuming without deciding that this objection was sufficient to raise the issue of the purported impermissible suggestiveness of the photographic display, the trial court's failure to have sustained that objection clearly would not constitute reversible error. Since the eyewitnesses gave oral testimony as to their pre-trial identification of appellant without objection, the admission of demonstrative evidence in the form of the actual photographic display upon which their pre-trial identification had been based, even if erroneous, would not mandate the reversal of appellant's conviction. See *Knox v. State*, 156 Ga. App. 777, 778 (4) (275 SE2d 371) (1980).

2. The trial court did not err in allowing, as evidence of a similar offense, testimony concerning appellant's prior high-speed vehicular flight from a police officer in violation of OCGA § 40-6-395. This prior offense involving appellant's vehicular flight was sufficiently similar to his alleged flight from the instant vehicular collision so as to be admissible on the issue of his identity and bent of mind. See generally *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239) (1982).

The remaining enumerations of error which address the testimony of the officer who arrested appellant for the prior similar offense have been considered and found to be without merit. Contrary to appellant's contentions, no question that was asked of the arresting officer was leading or elicited testimony which was otherwise inadmissible.

3. At the pre-trial hearing on the admissibility of the prior similar offense, appellant moved that his prior conviction for violating OCGA § 40-6-395 be declared "null and void." However, the trial court sought to obviate the necessity for a formal ruling on the validity of appellant's prior conviction by holding that, during the guilt-or-innocence phase of the trial, the State would be limited to eliciting

only evidence showing that appellant had committed acts in violation of OCGA § 40-6-395 and would not be allowed to introduce a certified copy of appellant's subsequent actual conviction for that prior offense. Appellant's counsel acquiesced in this ruling, stating that "as long as the jury doesn't find out about it then I certainly would have no argument." Thereafter, no certified copy of appellant's prior conviction was introduced in the guilt-or-innocence phase but was admitted, without objection, only in the sentencing phase.

Accordingly, we find without merit an enumeration of error which urges that the failure of the trial court to declare the prior conviction to be "null and void" mandates a reversal of appellant's conviction in the instant case. Appellant's prior conviction was never admitted for the jury's consideration and obviously played no part in his instant conviction. The admission of the prior conviction during the sentencing phase is not argued as a basis for reversing appellant's sentence and that issue will not, therefore, be addressed. Compare *Harrison v. State*, 136 Ga. App. 71, 72 (2) (220 SE2d 77) (1975).

4. In related enumerations of error, appellant raises the general grounds. However, a review of the record demonstrates that the evidence was sufficient to authorize a rational trior of fact to have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Defendant challenges the admission of a photo spread used to obtain identification of the perpetrator on two grounds, raised below. One is that no nonjury hearing was conducted to test the non-suggestiveness of the procedure whereby witnesses picked out the photo of defendant. No request for a hearing was made, nor did defendant object to the lack of one. The trial court cannot be faulted for ruling erroneously when it is not called upon to rule at all. Nor was the court obligated to conduct such a hearing absent a request.

The second ground is that the spread was unduly suggestive because defendant's photo in the group of six depicts a short-haired non-Hispanic with eyes closed partially, whereas the other five photos depict longer-haired Hispanics with eyes open and peering straight ahead.

The majority cites *Knox v. State*, 156 Ga. App. 777, 778 (4) (275 SE2d 371) (1980), as dispositive of the issue. It does not address the point. *Knox* held that *testimony* that certain monies were found obviated the challenge to the admission of the money *itself*. *Knox*, in turn, cites *Carnes v. State*, 115 Ga. App. 387 (154 SE2d 781) (1967), as authority. In Division 7 of *Carnes*, photos of a truck and oral testi-

mony regarding the photos were both ruled admissible because the proper foundation was laid, in that it was shown that the photos were properly identified as accurate representations of the truck involved. These two cases merely hold, in effect, that visual and oral descriptions of physical objects may both be admitted in evidence. Theoretically both forms of evidence complement each other, but if there is any discrepancy, the jury can detect it and decide which is most accurate.

That is not the problem here. Defendant did not challenge the admission of the photographs because they pictured physical objects connected to the crime but rather because they constituted a spread of photos which was inherently defective as a test of identification in that it was unduly suggestive of defendant as the perpetrator of the crime. The use of the spread in the investigation for eyewitnesses to identify the perpetrator is the ground asserted. A non-neutral composition, which itself pointed to defendant, would also influence the jury to accept the identification of defendant as the offender.

Thus the issue is whether the spread was suggestive. A careful examination and consideration of it leads to the conclusion that it was not. It cannot be concluded that one of the photos, that being defendant's, differed from the other five so as to lead to its choice.

I concur in the remaining divisions.

DECIDED APRIL 17, 1991.

G. Wayne Lancaster, for appellant.
Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, for appellee.