### 32022. DYE *v.* THE STATE.

Decided June 1, 1948.   Rehearing denied July 26, 1948.

*Pierce Brothers,* for plaintiff in error.

*George Hains, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The testimony of Virginia Johnson is sufficient to show a conspiracy to steal the money of the prosecutor, in which the defendant participated. It is sufficient to show that he helped to conceal the money after its theft, and that he paid $30 of it for secrecy. Assuming that she is an accomplice, her testimony is amply corroborated by other evidence. Where one person steals property, and another, knowing it to have been stolen, assists in its asportation, the latter is also guilty as principal. See *Laminack* v. *State,* 54 *Ga. App.* 207 (187 S. E. 620). "Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and they may be held responsible accordingly." *Simmons* v. *State,* 196 *Ga.* 395 (2) (supra).

The evidence supports the verdict and the general grounds do not require a new trial.

■ Special ground 1 of the amended motion for a new trial contends that the trial court erred in requiring the defendant to go to trial upon the indictment in the instant case, after the solicitor-

general had handed another indictment charging the defendant with a like offense to his counsel, who had entered his waiver and plea of not guilty thereon, all in the presence of the jurors assembled there to try this and other cases. The solicitor-general stated that defense counsel was handed the wrong indictment through error, that he was not ready for trial on that indictment, but that he was ready on the indictment in the instant case. It is contended that, to thus inform the jurors of the pendency of another indictment was prejudicial to the defendant.

Frequently, where several indictments are pending against the same defendant, they are all sounded on the call of the docket in the hearing of the jurors who are assembled in the courtroom to try those and the other cases on the calendar. This may be somewhat prejudicial to such defendants, but it is nevertheless the only proper and expedient method of "sounding out the docket." It is, however, no more prejudicial where, as in the instant case, another indictment is publicized to the jurors through error, than in the manner pointed out first; and to hold the conduct herein to be prejudicial would reflect on the authority of the trial court to call the docket as required by Code § 27-1301 as follows: "The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court." Procedure in the manner herein contended to be error is a matter within the sound discretion of the trial court. This ground of the amended motion for a new trial is without merit.

■ Special ground 2 of the amended motion for a new trial contends that the trial court erred in permitting Honorable Charlie Britt, Assistant Solicitor-General, to testify to the effect that 3 or 4 women, viz., Margaret Sanders, Billie Johnson and Dorice Kitchens, had entered pleas of guilty to taking the sum of money from the prosecutor that this defendant is charged with having taken, on the grounds that this testimony was immaterial and prejudicial to the defendant.

The evidence in the instant case is sufficient to show a conspiracy between the three women and the defendant to commit the offense to which the women pleaded guilty and for which the defendant was on trial. This would make accomplices of each of them. Under § 38-121 of the Code, the testimony of an accom-

plice requires corroboration. One of the women who pleaded guilty, viz., Margaret Sanders, was a witness against the defendant in the instant case. Evidence of the conviction or a plea of guilty is admissible to show the guilt of the accomplice and thereby show the status or relationship of the parties and thus lay the foundation for determining the character of testimony against the defendant and whether or not corroboration thereof is required. The pleas of guilty of these women were not admissible against the defendant as confessions of guilt, because their confessions would not be binding upon this defendant. The pleas of guilty of Billie Johnson and Dorice Kitchens would not be admissible against this defendant for any purpose. However, the plea of guilty of Margaret Sanders is admissible for the purpose outlined. The objection goes to all the testimony of Mr. Britt, that relating to the pleas of guilty of Billie Johnson and Dorice Kitchens, and also that relating to the plea of guilty of Margaret Sanders. Therefore part of the testimony objected to was admissible and part of it was inadmissible. Where part of evidence is admissible the overruling of an objection to it as a whole is not error. See many cases cited under Code (Ann.), § 70-203, catchword "Part."

Special ground 3 of the amended motion for a new trial contends that the trial court erred in refusing to declare a mistrial, on timely motion made therefor by defense counsel, when the solicitor-general announced in the presence of the jury that the purpose of putting the solicitor-general on the stand was to prove that the women in question had pleaded guilty. The motion for mistrial was on the ground that this testimony would be immaterial and prejudicial to the defendant, and that the announcement in the presence of the jury was prejudicial. The court overruled the motion and instructed the jury not to "pay any attention to the pleas of the women unless you are charged further about it." The record discloses no further reference to these pleas of guilty made by the court to the jury here in his charge or elsewhere. However, the charge does contain this excerpt, "Now, gentlemen of the jury, statements by an accomplice after the conspiracy has terminated is not evidence against the accomplice or the other party unless they are present and acknowledge it." The trial court did not err in overruling the motion for a

mistrial and there is no merit in special grounds 2 and 3 of the amended motion for a new trial.

■ Special ground 4 of the amended motion for a new trial contends that the trial court erred in not striking the testimony of Virginia Johnson on the ground that she was a principal and that her testimony was not admissible against this defendant until such time as she had been convicted.

As pointed out in the brief of the solicitor-general this assignment of error fails to point out that any motion to strike said testimony was made, and therefore the assignment of error is not complete within itself. However, considering the same on its merits, Virginia Johnson was not disqualified as a witness against the defendant for the reason assigned. See Code, § 38-121. If her testimony would tend to criminate herself, against which she is protected (art. I, sec. I, par. VI, of the Constitution of the State of Georgia, Code, § 2-106), it is a personal guaranty to her and can not be claimed for her, only for the benefit of another party. See *McCray* v. *State*, 134 *Ga.* 416. (8) (supra). This special ground affords no cause for a new trial.

■ Special ground 5 of the amended motion for a new trial contends that the court erred in charging the jury as follows: "I charge you, gentlemen of the jury, that the possession or the receipt of stolen goods is a fact and circumstance that the jury may infer guilt from." This is contended to be error on grounds as follows: "(1) Because this movant was not charged with the receipt of stolen goods and that principle of law was inapplicable and prejudicial to movant. (2) The charge against movant was that of larceny from the person of money in the amount over $50 and there was no testimony that defendant was in possession of any money that had been stolen from any person, and to charge a principle of law applicable to a wholly distinct offense was harmful to movant and influenced the jury in the rendition of a verdict of guilty against movant."

The principle of law charged by the court and complained of in this special ground of the amended motion for a new trial is not confined to prosecutions for receipt of stolen goods but may be applied in cases of larceny, burglary and kindred offenses. See *Mayfield* v. *State*, 17 *Ga. App.* 115 (86 S. E. 284); *Bridges* v. *State*, 9 *Ga. App.* 235 (70 S. E. 968); *Toney* v. *State*, 69 *Ga. App.* 331 (25 S. E. 2d, 85).

The testimony of Margaret Sanders to the effect that the defendant kept this money for approximately 4 hours shortly after it was stolen from the prosecutor, and the other evidence in the case from which the jury could have inferred that the defendant, Margaret Sanders, and others entered into a conspiracy to steal the money and pursuant thereto did steal it, authorized this charge. This assignment of error is without merit.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*