27279. WOOTEN v. THE STATE.

SUBMITTED JUNE 13, 1972—DECIDED SEPTEMBER 7, 1972.

410

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. The sole issue upon this appeal is whether the evidence authorized the findings that the appellant was guilty of rape and aggravated sodomy. He, Tommy Lee Wooten, was indicted by the grand jury of Fulton County, tried jointly on both indictments by the court pursuant to a waiver of a jury, and upon findings of guilty was sentenced to twenty years confinement on each charge to run concurrently. His motion for new trial upon the general grounds was denied. The appeal is from the denial of that motion, which is also enumerated as error.

From our examination of the transcript of the testimony we conclude that the findings of guilty were fully authorized. It is necessary to refer only to portions for this to be apparent.

The victim testified in material part as follows: that in the early hours of the morning in question she was awakened by a male having sexual intercourse with her; that he threatened several times to kill her; that after he had completed the rape he forced her, by similar threats, to commit sodomy upon him; that she could not see his face clearly because the light in her bedroom had been turned off; that, however, she recognized his voice and observed that he had a growth of hair under his chin, which she felt; that she was able to obtain possession of a .22 caliber pistol lying on her bedside table and fired several shots in the direction of the assailant while he fled, bursting through the front screen door; that she immediately went next door and notified the police by telephone of the events; that she found that the assailant had entered the apartment through the living room window; and that upon confrontation between her and the appellant she recognized his voice as that of the assailant.

A police officer testified, insofar as necessary to recite here, as follows: that on the morning in question he and his partner stopped a car in the vicinity of the crimes at about the time they were committed; that the driver told them that his brother was in the car and had been shot; that they escorted the two men to the hospital; that upon arrival he saw that one of them had three gunshot wounds in his chest which in his opinion had been made by .22 caliber bullets; that this man had a goatee; that this man was the appellant; that the officer immediately went to the victim's apartment when she told him that she had been raped; and that he and his partner took her to the hospital where she identified the appellant and was given a medical examination.

Another police officer testified in essential part as follows: that he went to the victim's apartment later that same morning for the purpose of taking fingerprints; that he observed that the glass had been broken in the living room window; that the front screen door was lying outside on the walkway; that the white bed sheets had soil on them which was similar to that outside the living room window; and that he and the other officers there recovered a .22 caliber pistol.

A fingerprint expert from the Police Department testified that he lifted some prints from the outside doorknob of the apartment; and that he compared these with those of the appellant and determined that they were made by the same person.

A physician at the hospital testified that he examined the victim about two hours after the alleged rape; that while he did not observe any lacerations, bruises or contusions, he found and recovered male sperm from her vagina which may have been there anywhere from one to six hours.

The appellant's testimony deemed material to this inquiry in essence is the following: that the victim earlier on that date promised him $20 if he would have sexual relations with her; that he entered her apartment for that purpose and did so; that she refused to pay him; that an argument transpired; that he tried to get the money from her pocket-

book, and upon failure he threatened to take her television set; and that she then began shooting at him.

While the appellant's testimony created a conflict in some particulars, the evidence, both direct and circumstantial, supports the findings of the trial court, and therefore the subsequent denial of the motion for new trial was not erroneous.

*Judgment affirmed. All the Justices concur.*