61683. FIRST NATIONAL BANK OF ATLANTA v. FIRST NATIONAL BANK OF TUCKER et al.
61684. COBB et al. v. FIRST NATIONAL BANK OF TUCKER et al.

BANKE, Judge.

This is a shareholder derivative action against the First National Bank of Tucker and its former officers and directors. The First National Bank of Atlanta, as pledgee of shares in the First National Bank of Tucker, intervened as party plaintiff. After a trial of some six weeks, resulting in 12 volumes of transcript, the jury found in favor of the defendants. The sole error enumerated on appeal is directed towards the trial court's refusal to send out with the jury certain items of documentary evidence which had been introduced and received during the trial.

The plaintiffs allege that the defendants were negligent in making and administering a large number of loans which resulted in losses to the bank and thus in a diminution of the value of its capital stock. The documentary evidence at issue consists of many thousands of documents pertaining to individual loans. At the time the documents were offered, plaintiffs notified the court that they intended to rely upon the testimony of expert witnesses who had examined them and urged the court to admit the documents on the ground that they constituted the foundation for the experts' testimony. After being assured that the documents had been available to the parties for quite some time, the court deferred ruling on their admission pending the testimony of the plaintiffs' experts summarizing them. During the course of the trial, as these witnesses testified, the documents were admitted as establishing the foundation for their testimony. *Held:*

Plaintiffs rely quite heavily upon the general proposition that "[a]ll properly introduced documentary and demonstrative evidence will be taken into the jury room when the jury retires." Agnor, Georgia Evidence § 15-12, p. 325 (1976). Accord Green, Georgia Law of Evidence, § 87.1, p. 206 (1957). See also, e.g., *Dobbs v. State,* 214 Ga. 206 (3) (104 SE2d 121) (1958); *Edwards v. State,* 213 Ga. 552 (100 SE2d 172) (1957); *Hunter v. State,* 143 Ga. App. 541 (239 SE2d 212) (1977); *Kincaid v. State,* 137 Ga. App. 138 (1) (223 SE2d 152)

(1975). However, the case law on this issue does not deal squarely with the problem before us now, i.e., whether a huge quantity of documents, which have been summarized at trial by experts and which could not possibly be digested by the jurors during the course of their deliberations, should be sent with them to the jury room. The "Summary of Voluminous Records Rule," an exception to the best evidence rule, is closely related to this issue. It has been stated as follows: "Where a fact could be ascertained only by the inspection of a large number of documents made up of very *numerous detailed statements* . . ., it is obvious that it would often be practically out of the question to . . . [require] . . . the production of the entire mass of documents and entries to be perused by the jury or read aloud to them. The convenience of trials demands that other evidence be allowed to be offered, in the shape of the testimony of a competent witness who has perused the entire mass and will state summarily the net result. Such a practice is well established to be proper." IV Wigmore, Evidence, § 1230, p. 535 (1972). All that is necessary in such a case is that the documents themselves be available to the court and to opposing counsel. See *Bible v. Somers Const. Co.,* 197 Ga. 761 (2) (30 SE2d 623) (1944). See also *Stewart v. State,* 246 Ga. 70 (3) (268 SE2d 906) (1980). The documents at issue in this case could have been denied admittance by the trial court on the basis of this rule. It would seem to follow, therefore, that the court could decline to send the material to the jury room on the basis of this rule, even though he had, technically speaking, accepted it as evidence in the case.

We note that although offered the opportunity to single out particular documents for the jury's attention, plaintiffs failed to do so. They insisted instead that the entire mass of exhibits be sent to the jury room, even though conceding that among the mass there probably were some documents which were not, strictly speaking, admissible. Under these circumstances, it does not appear that the documents would have assisted the jury in resolving any issue in the case. Rather, the only possible effect of sending them to the jury room would have been to impress the jurors with the *volume* of evidence introduced by the plaintiffs.

"The question whether a particular exhibit may be taken by the jury is widely viewed as subject to discretionary control by the trial judge . . ." McCormick, Evidence, § 217, p. 539 (1972). We find no abuse of discretion under the circumstances presented.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs specially.*

DECIDED MAY 18, 1981 —
REHEARING DENIED JUNE 18, 1981

*Douglas N. Campbell, Sewell K. Loggins, G. Rayner Warner, William H. Agnor, Linda M. Rohrer,* for appellant (case no. 61683).

*John L. Taylor, Jr., Kirby L. Turnage, L. Jack Swertfeger, Jr., Fred L. Somers, Edgar A. Neely, Jr., Harry L. Cooper, Albert S. Johnson, Richard Hines, Charles E. Jabaley,* for appellees.

*L. Jack Swertfeger, Jr., Kirby L. Turnage,* for appellants. (case no. 61684).

*Douglas N. Campbell, Sewell K. Loggins, G. Rayner Warner, Fred L. Somers, Charles E. Jabaley, Edgar A. Neely, Jr., Harry L. Cooper, Albert S. Johnson, John L. Taylor, Jr.,* for appellees.

CARLEY, Judge, concurring specially.

I reluctantly concur in the ruling of the majority affirming the judgment although I do not agree with all that is stated in the majority opinion. I believe that the rule in this state is and should remain that all documentary evidence admitted by the trial judge should go out with the jury and be present during the deliberation. However, after reviewing this most voluminous record, I am constrained to agree that on the facts of this particular case as evidenced by the trial management scenario commencing with the pretrial conference, there was no abuse of discretion which requires reversal. Nevertheless, I am convinced that the better practice would be for the jury to have access to all properly introduced evidence in all cases. If the "Summary of Voluminous Records Rule" is truly applicable and is invoked, any documents sought to be included within the purview of that rule should not be actually admitted into evidence.

For the above reasons, I concur in the judgment only.