## 62736. BETTIS v. THE STATE.

BANKE, Judge.

This appeal follows the defendant's conviction of selling marijuana. The sole error enumerated concerns the trial court's admission over objection of testimony alleged to be hearsay.

The state relied upon the testimony of two undercover GBI agents who had investigated drug activities in Walker County. The agents testified over objection that the reason they went to the defendant's residence was because his name was among those provided to them by the local sheriff as being suspects in the local drug trade. The defendant also complains that the trial court failed to charge the jury concerning the limited purpose of the testimony. *Held:*

1. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code Ann. § 38-302. "To illustrate, it is proper for peace officers to testify that a certain person is reported to be handling liquor, in explaining why a search warrant was procured and why a raid was made." *Hix-Green Co. v. Dowis,* 79 Ga. App. 412, 419 (53 SE2d 601) (1949). This principle was recently approved in *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817) (1976). The testimony was properly admitted.

2. "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890) (1978). In the case before us, there was no such request.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1981.

*Jon B. Wood,* for appellant.
*W. M. Campbell, District Attorney,* for appellee.