64730. NATIONWIDE MUTUAL INSURANCE COMPANY v. LIBERTY MUTUAL INSURANCE COMPANY.

SHULMAN, Chief Judge.

This appeal arises from the jury verdict and judgment in this declaratory action in favor of plaintiff-appellee Liberty Mutual Insurance Company (hereinafter "Liberty") and against several defendants, including appellant Nationwide Mutual Insurance Company (hereinafter "Nationwide"). The sole issue submitted to the jury for determination, through special interrogatory, was whether the vehicle in question was being used with the express or implied consent of the insured at the time of the collision in question.

The only enumeration of error concerns the trial court's refusal to send the Liberty policy at issue out with the jury. Liberty tendered the policy during the course of the trial, ostensibly to present to the court the policy language applicable to the present dispute. The policy was admitted without objection. At the close of the evidence, counsel for Liberty objected to the court's sending the policy out with the jury, and the trial court, over objection from Nationwide and the other defendants, agreed with Liberty. The policy showed, among other things, its limits of coverage. The court determined that the jury did not need to examine the policy, in view of the limited factual issue submitted to the jury and in view of the fact that the court's charge covered the relevant portions of the policy. Nationwide did not except to the court's charges dealing with the applicable policy provisions. During deliberation, a juror inquired as to whether the jury would be allowed to see the Liberty policy. No request for a recharge on the relevant portions of the policy was made by any party at the time of the juror's inquiry.

We find no abuse of discretion resulting in harmful error arising from the trial court's decision not to allow the Liberty policy to go out with the jury. This court has held that in at least one set of

circumstances it was not an abuse of discretion for the trial court to refuse to allow documentary evidence to go out with the jury. *First Nat. Bank of Atlanta v. First Nat. Bank of Tucker,* 158 Ga. App. 843 (282 SE2d 353). However, irrespective of whether or not the trial court's action in this case constituted an abuse of discretion, appellant has demonstrated no harm as a result of that action. The trial court charged the jury on the relevant portions of the policy, and while appellant has presented on appeal some quarrel with that charge, no exception was taken in the trial court. The narrow factual issue for jury determination was whether the vehicle was being operated with the implied or express permission of the insured under the Liberty policy. The policy was in evidence, its relevant portions were charged by the court, and counsel were free to elucidate and comment on its relevant terms in their arguments to the jury. We fail to see how the refusal to send the policy out with the jury resulted in harm to Nationwide under the facts of this case. See *Western & Atlantic R. Co. v. Stafford,* 99 Ga. 187 (3), (5) (25 SE 656).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1983.

William D. Temple, William A. Dinges, for appellant.
George W. Hart, James A. Robbins, Michael Frick, for appellee.