## 64931. ANDERSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of the sale of cocaine. On appeal he contends the trial court erred (1) by denying his motion for a mistrial after the prosecuting attorney improperly placed appellant's character in issue; (2) by denying his motion for a mistrial after the prosecuting attorney read the February criminal calendar in the presence of the jury panel, said calendar containing three felony charges against appellant; (3) by allowing testimony, over objection, as to records at the crime lab; (4) by failing to strike certain testimony relating to State's Exhibit 1; (5) by improperly admitting State's Exhibit 1 into evidence without proving a chain of custody; and (6) by restricting appellant's cross-examination of a GBI agent concerning motivation, bias and credibility.

On the night of November 20, 1980, a confidential informant took Arthur Foreman, an undercover GBI agent, to the mobile home of appellant in Ocilla, Georgia. Foreman was introduced to appellant, who was told by the informant that Foreman wanted to buy some drugs. Appellant then sold Foreman one gram of cocaine for $100. Foreman put the cocaine in his pocket and after departing, put the cocaine in an evidence bag, tagged the bag for identification and locked it in the trunk of his car. On arriving home that night Foreman put the evidence in a locked suitcase, where it remained until he delivered it to Dr. Jim Howard at the crime lab in Moultrie, Georgia. Appellant was positively identified by Foreman as the person who sold him the cocaine.

1. On direct examination the district attorney asked Foreman how he knew appellant, and Foreman replied that he was given a list and appellant was on the list as a suspected drug dealer. Appellant moved for a mistrial on the ground that appellant's character was placed improperly in issue. The motion was denied and appellant

contends the denial of his motion was error. This contention has been decided adversely to appellant in *Bettis v. State,* 160 Ga. App. 109 (1) (286 SE2d 759) (1981).

2. While not recorded in the transcript, the prosecutor apparently read the February 1982 criminal calendar in the presence of the panel of potential jurors prior to commencement of trial in the instant case. The calendar allegedly contained three felony charges against appellant, who moved for a mistrial on the ground that it placed appellant's character in issue and made it impossible to obtain jurors who had not heard the prejudicial information about appellant. In the alternative, appellant asked that all jurors present when the calendar was read be disqualified. The court denied the motion for a mistrial and did not disqualify the jurors; appellant contends this was error. We do not agree.

We cannot tell from the record before us exactly what information was read from the criminal calendar. However, in *Dye v. State,* 77 Ga. App. 517, 521 (2) (48 SE2d 742) (1948), we held: "Frequently, where several indictments are pending against the same defendant, they are all sounded on the call of the docket in the hearing of the jurors who are assembled in the courtroom to try those and the other cases on the calendar. This may be somewhat prejudicial to such defendants, but it is nevertheless the only proper and expedient method of 'sounding out the docket.' It is, however, no more prejudicial where, as in the instant case, another indictment is publicized to the jurors through error, than in the manner pointed out first; and to hold the conduct herein to be prejudicial would reflect on the authority of the trial court to call the docket as required by Code § 27-1301 [now OCGA § 17-8-1] as follows: 'The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant [is] in jail, or otherwise in the sound discretion of the court.' Procedure in the manner herein contended to be error is a matter within the sound discretion of the trial court." We find no abuse of discretion by the trial court in the instant case in denying the motion for a mistrial or disqualifying the jurors.

3. Appellant objected to testimony of Charles Wagner that the records of the crime lab at Moultrie, Georgia, showed that State's Exhibit 1, the cocaine sold to Foreman, was received at the crime lab on December 1, 1981 by Dr. Jim Howard. In his third and fourth enumerations of error, appellant alleges error in the overruling of his objection to testimony concerning crime lab records relating to receipt and disposition of State's Exhibit 1.

If any error was committed in allowing Wagner to testify as to when the cocaine was received at the crime lab it was harmless, because Agent Foreman had already testified that he personally

delivered State's Exhibit 1 to Dr. Howard at the crime lab on December 1, 1981. The burden is on a party claiming error not only to show error, but error which injured him and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966); *Leonard v. State,* 146 Ga. App. 439, 443 (4) (246 SE2d 450) (1978). The testimony complained of was the same testimony given by Foreman, and such cumulative testimony was not error which was prejudicial to appellant. Id.

Appellant contends that it was error to allow Wagner to testify that the cocaine remained in the custody of the crime lab from the date it was received at the crime lab until it was obtained from the evidence locker by Wagner for chemical analysis. However, appellant objected to the state's question in this regard and the objection was sustained. Thus, there is nothing for us to review. *Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976).

4. Appellant next claims error in the admission of State's Exhibit 1, the contraband, because a proper chain of custody had not been shown.

Agent Foreman testified that the cocaine received from appellant was in Foreman's possession from the time he received it until he delivered it to the crime lab. It was stored in the crime lab until analyzed by Wagner, who also obtained it from the lab's evidence locker in a sealed package with no evidence of tampering. "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Allums v. State,* 161 Ga. App. 842, 846 (4) (288 SE2d 783) (1982). Hence, it was not error to admit the cocaine into evidence.

5. On cross-examination of Agent Foreman he was asked if he occupied the lowest position, as far as salary was concerned, in the GBI. The state's objection on the grounds of relevancy was sustained and appellant contends this was error, as it unduly restricted his right to cross-examination. Although it is true that the right to a thorough and sifting cross-examination may not be abridged, that right is not unlimited. *Jones v. State,* 135 Ga. App. 893, 897 (219 SE2d 585) (1975). " '[T]he scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused.' [Cits.]" *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895) (1966); *Miller v. State,* 155 Ga. App. 587 (3)

(271 SE2d 719) (1980). We find no abuse of discretion in the instant case.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 24, 1983 —

*Rick F. Ellis,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.