## 71187. CARTER v. THE STATE.
### (340 SE2d 622)

CARLEY, Judge.

Appellant was indicted for one count of cruelty to children and one count of child molestation. The alleged victim of both crimes was appellant's young daughter. Appellant was tried before a jury and was found guilty of both counts. His motion for new trial was denied and appellant now appeals.

1. Error is enumerated as to the admission of evidence concerning similar acts of physical and sexual abuse committed by appellant against another of his daughters. The evidence was clearly admissible. See generally *Cox v. State*, 173 Ga. App. 422 (326 SE2d 796) (1985).

Appellant further asserts, however, that the State did not follow the correct procedure in seeking the admission of this evidence. In specific, appellant contends that the pre-trial notice given by the

State concerning its intention to present the evidence was not made in strict conformity with Rule 31.3 of the Uniform Rules For The Superior Courts (Rules). See 253 Ga. 854. The written notice, the sufficiency of which appellant contests, was given by the State on February 14, 1985. The Rules themselves did not become effective until July 1, 1985. Accordingly, to the extent that appellant was given any notice from the State, it was more than he was entitled to receive, the Rules not yet being effective.

Appellant contends that the Rules were in effect at the time of his trial as the result of their adoption by local order of the superior court. This contention is not supported by the record before us. Even if it were, Rule 31.1 provides that the time for giving and filing the pre-trial notice may be "shortened or lengthened by the judge." 253 Ga. 853. The record shows that, before trial, appellant received notice of the State's reliance upon the evidence of his commission of other sexual offenses and was afforded the benefit of a pre-trial determination of the admissibility of that evidence. On February 8, 1985, appellant himself filed a motion in limine seeking the exclusion of "evidence, making reference to or otherwise leaving the jury with the impression that this defendant had engaged in unnatural and illegal sexual acts with daughters who are not the subject matter of this case." The State filed its notice several days later. Appellant was then afforded a pre-trial hearing in connection with his motion in limine and the State's notice. See generally *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543) (1982). Accordingly, we find neither substantive nor procedural error as to the trial court's resolution of this evidentiary issue.

2. In addition to the testimony of appellant's other daughter, the State sought to introduce into evidence various items of sexual material and paraphernalia. It was shown that these items were found during a search of appellant's home pursuant to a warrant. The materials had been located in a metal box in the closet of appellant's bedroom. Although, while on the witness stand, the victim was not asked to identify the specific materials from the box, she did give general testimony as to appellant's display to her of sexual material which would fit the description of the contents of the box. The materials were admitted into evidence over appellant's objection. This ruling is enumerated as error.

The trial court admitted the evidence as illustrative of appellant's motive, intent, state of mind and lustful disposition. See *Felker v. State*, 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978); *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905) (1982). "Possession of such . . . item[s] does have a tendency to show bent of mind toward sexual conduct. [Cits.]" *Grant v. State*, 160 Ga. App. 837, 839 (287 SE2d 681) (1982). Appellant contends, however, that the evidence was

irrelevant and inadmissible in the instant case because the victim never specifically identified the contents of the box and because his wife did testify that, "to the best of [her] knowledge," the box had been opened only twice, but neither time by appellant.

The mere lack of personal knowledge on the part of appellant's wife as to his removal of the contents of the box would not be sufficient to render them inadmissible for the evidentiary purposes cited by the trial court. His wife was not the alleged victim of any abusive acts and, presumably, she had no personal knowledge of the commission of the alleged crimes against their daughter. As noted, the victim herself did testify generally as to appellant's possession of sexual material which matched the contents of the box. That appellant was in "[p]ossession" of the metal box during the relevant time period encompassing the alleged acts of sexual abuse was undisputed (*Grant v. State*, supra at 839), as was the fact of his "retention" of the materials therein. *Wilcoxen v. State*, supra at 800. The court did not err in admitting the evidence.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1986 —
REHEARING DENIED FEBRUARY 4, 1986 — ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Edward H. Lindsey, Jr.*, for appellant.
*Michael Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.