## 72107. HAGGER v. THE STATE.
(345 SE2d 118)

Pope, Judge.

Earl Edward Hagger brings this appeal from his convictions of rape and aggravated sodomy. *Held*:

1. Appellant first cites as error the trial court's admitting into evidence the victim's jacket because holes had been cut in it. He contends that the jacket was in a changed condition from the time of the crimes and that the holes gave the jacket the appearance of having been violently torn or cut, thereby inflaming the jury against him. However, the holes in the jacket were explained by a forensic serologist for the State Crime Lab. She testified that she had cut the holes in the jacket in order to preserve certain stains which were later determined to be blood. The victim testified that there were no blood or other stains on her jacket prior to her encounter with appellant, and the blood stains on the jacket tend to support her testimony that she physically resisted appellant's assaults for 20 to 25 minutes before ultimately succumbing. Under these circumstances, the trial court did not err in admitting the jacket in evidence. See *Davidson v. State*, 208 Ga. 834 (4) (69 SE2d 757) (1952); *Evans v. State*, 70 Ga. App. 500 (4) (28 SE2d 671) (1944). See also *Ga. Power Co. v. Gillespie*, 48 Ga. App. 688, 700-02 (8) (173 SE 755) (1934).

2. Appellant's remaining enumeration of error challenges the victim's testimony that appellant stated to her during the commission of the crimes charged "that did I think that this was the first time that he did it. . . ." The basis of appellant's objection at trial was a violation of the discovery rule of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The ground raised on appeal, however, asserts the wrongful insertion of his character into the trial. "[W]here the objection argued below is not argued here it is abandoned and where an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court." *Tyler v. State*, 147 Ga. App. 394, 395 (249 SE2d 109) (1978). In any event, "[t]estimony as to what was said to the victim during the continuing course of the crime[s] was admissible, even though it may have shown other criminal conduct on the part of appellant." *Ellis v. State*, 176 Ga. App. 384, 386 (336 SE2d 281) (1985).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MAY 5, 1986.

J. *Douglas Willix*, for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, L. Paul Howard, Jr., Assistant District Attorneys*, for appellee.