72223. RIDDLE v. CAMP et al.
(345 SE2d 667)

BEASLEY, Judge.

Riddle executed a promissory note dated December 30, 1982, for $7,500 in favor of the Camps. The face of the printed note read in pertinent part: "Five years (see reverse side) after date I promise to pay Camp[s], or order SEVEN THOUSAND FIVE HUNDRED AND NO/100 Dollars . . . for value received, with interest from date at 10% per cent per annum, payable annually, . . ."[1] On the reverse side of the form note was typed: "Principal amount of $7,500.00 bearing interest at the rate of 10% per annum due and payable on December 30, 1987. Right is reserved to prepay all or any part of said amount without penalty."

In August 1985, the noteholders filed suit against the maker, alleging that although they had repeatedly demanded payment, Riddle had failed and refused to pay them the interest annually as it became

---

[1] What is underlined was typed.

due, thus permitting them to declare the note due and payable in full. Plaintiffs moved for summary judgment. Defendant also moved for summary judgment as to all issues by declaring the note not in default according to its terms. Considering the record and briefs, the trial court granted the former and denied the latter, leading to the debtor's appeal.

Riddle principally contends that "[t]he case at hand is clearly a text book example of a conflict in a contract." Since the typed sentences on the back of the note conflict with the printed portion on the face of the note, he argues, according to the rules for construction of contracts the independently typed portion on the reverse side of the note should prevail. Thus the note should be construed to not require the annual payment of interest. Riddle further asserts that the note is unambiguous so the trial court erred in considering parol evidence.

Appellees counter that it was evident that interest was to be paid annually, that there was "clearly an ambiguity as to the meaning of the typewritten portion of the note since the Appellant and Appellees disagree as to its meaning," and therefore that it was appropriate for the trial court to entertain parol evidence.

1. "The construction of a contract is a question of law for the court. OCGA § 13-2-1. . . .' It does not follow that merely because there are two *possible* interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury . . . If that were true the court would rarely, if ever, construe a contract as . . . [the statute] declares its duty to be. The role and function of a court is higher than that of a mere referee.' [Cit.]" (Emphasis supplied.) *Taliaferro v. S. & A. Restaurant Corp.*, 172 Ga. App. 399, 400 (323 SE2d 271) (1984). The grant of summary judgment was required in the present case where examination of the note itself reveals that it is unambiguous and capable of one reasonable interpretation.

The language on the face of the note directs that the provision added on the back be read as further explanation that the $7,500 principal amount bearing 10% interest per *annum* was due and payable on December 30, 1987, five years from the date of execution of the debt. The addition did not alter the clear obligation on the face of the note for the debtor to make annual interest payments to the noteholders. It merely articulated the calendar date for the terminal payment point on the principal plus provided the right to make prepayment without penalty. Therefore there was no conflict between the language on the reverse side of the note and that contained in the body of the note which would call into application the rule urged by the debtor. Nor was there any ambiguity necessitating the introduction of parol evidence to ascertain the true intent of the parties. In

interpreting contracts, "[w]ords generally bear their usual and common signification." OCGA § 13-2-2 (2). Although the parol evidence submitted by payees, which included a letter to Riddle confirming the understanding that the interest on the note would be payable annually and a letter from him offering to pay two years' interest, need not have been considered by the trial court (assuming it was) in its determination to grant summary judgment for Riddle's default, (see *Early v. Kent*, 215 Ga. 49, 50 (1) (108 SE2d 708) (1959)), it merely confirmed what the note in its totality provided. Thus, the trial court properly found that the plaintiffs were entitled to judgment as a matter of law. We will not reverse a judgment of the trial court which is right for any reason. *United States Fire Ins. Co. v. Hilde*, 172 Ga. App. 161, 162 (1)-163 (322 SE2d 285) (1984).

2. Appellant also maintains that appellees failed to comply with Uniform Superior Court Rule 6.5 in their motion for summary judgment. Such complaint was not raised below and therefore we will not consider it. *Haldi v. DeKalb County Bd. of· Tax Assessors*, 178 Ga. App. 521 (344 SE2d 236) (1986). A complaint of noncompliance with trial court rules particularly first addresses itself to that court.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1986.

*William W. Byington, Jr., W. Dwight Payne*, for appellant.
*Dudley B. Magruder, Jr.*, for appellees.