73233. FAVORS v. THE STATE.
(351 SE2d 103)

SOGNIER, Judge.

Appellant was convicted of terroristic threats and acts, and he appeals.

1. Appellant contends the trial court erred by allowing opinion testimony by a lay person as to appellant's intent. The instant case arose after appellant was sentenced in another case, and immediately after his sentence was announced, said to the trial judge: "[Y]ou ever again be in my presence, man, in that street out there, I'm gonna blow your head off, man." This comment resulted in the charge which is the subject of this appeal.

At the trial of this case the threatened judge, a State witness, was asked by the prosecuting attorney if it appeared that appellant intended to do what he said he was going to do to the judge, and he replied in the affirmative. Appellant contends it was error to allow such testimony, over objection, because it expressed an opinion on a matter within the province of the jury.

We find it unnecessary to decide whether it was proper to allow the threatened judge to express his opinion concerning appellant's intent because similar testimony was presented, without objection, by Sergeant Wesley Tillman of the MARTA Transit Police Department. Sergeant Tillman was present when appellant threatened the judge, and when asked if he could tell the intent behind appellant's words, Tillman testified here that he believed if appellant ever saw the judge on the streets he (appellant) was going to do bodily harm to the judge. Thus, any error in allowing the threatened judge to express an opinion about appellant's intent would be harmless, since similar testimony as to appellant's intent was presented without objection. See *Davis v. State,* 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983).

2. Appellant contends it was error to allow testimony, over objection, as to whether the judge threatened by appellant had been threatened before in his 34 years as a superior court judge. Appellant contends such testimony was irrelevant to the offense charged, because what some other defendant did in the past had nothing to do with the charge against appellant. Although we agree that such testimony was irrelevant, we find no harm or prejudice resulting to appellant from such testimony. The judge testified that he had never been threatened before, and we fail to see how such testimony could be harmful to appellant. The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). Appellant has not met this burden.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 19, 1986.

*Patrick G. Longhi*, for appellant.

*Lewis R. Slaton, District Attorney, Wendy Shoob, Joseph J. Drolet, Benjamin H. Oehlert III, Raymond C. Mayer, Assistant District Attorneys*, for appellee.