## 73775. RICHARDSON v. THE STATE.
(356 SE2d 725)

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of "attempted burglary" (criminal attempt to commit burglary). At trial, an eyewitness testified that on March 26, 1984, between midnight and 12:15 a.m. he saw

defendant on the roof of Clary's Drug Store "digging" at the roof with "a pole or a stick." The witness further testified that before the police arrived, he observed defendant hide from a passing vehicle by "[ducking] down behind the duct work, the air conditioning work" on the roof of the drug store and, after the automobile had passed, defendant "looked and stood back up and resumed the digging motion." The State introduced evidence that defendant had recently been released from prison after serving a sentence for burglarizing the same drug store. The State showed that defendant had burglarized the drug store in 1982 by gaining entry through the roof. From this evidence, defendant was found guilty of "attempted burglary." The trial court denied defendant's motion for new trial and this appeal followed. *Held:*

1. In his first enumeration of error defendant contends the trial court erred in allowing the State to introduce evidence of his prior conviction of burglary. "In order to introduce evidence of an independent offense as a relevant similar transaction the state must prove two factors. It must be shown that the defendant was in fact the perpetrator of the separate offense and that there is a sufficient similarity of offenses so that proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620 (299 SE2d 410) (1976)." *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605). In the case sub judice, there is no question that defendant burglarized the same drug store and was convicted for this act in 1982. Further, in both incidents defendant went to the roof to gain entry to the store. Under these circumstances, we find sufficient similarity between the previous act and the crime charged to authorize introduction of the similar transaction evidence to show defendant's motive in "digging" at the roof of Clary's Drug Store in the early morning hours of March 26, 1984. See *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239).

2. Next, defendant contends the evidence of his prior conviction should have been excluded at trial because the State failed to follow the pre-trial procedure prescribed by Uniform Superior Court Rules 31.1, 31.2 and 31.3 (253 Ga. 799, 853-854) for introducing such evidence at trial.

"The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983)." *Stewart v. State*, 180 Ga. App. 266, 267 (349 SE2d 18). In the case sub judice, a hearing was conducted prior to trial to determine the admissibility of the similar transaction evidence. During this hearing, defendant's attorney stated that he "was put on notice some time ago by the District Attorney that she [intended] to . . . introduce evi-

dence of [defendant's] prior convictions." Further, as we held in Division 1 of this opinion, the trial court properly found the evidence of defendant's prior conviction relevant and admissible at trial. Under these circumstances, while the record shows that the State erroneously failed to follow the procedure prescribed by the Uniform Rules for the Superior Court for introducing similar transaction evidence at trial, the defendant has shown no harm resulting from this omission. Consequently, this error does not require reversal of defendant's conviction.

3. In his third and final enumeration of error defendant asserts the general grounds. This enumeration of error is without merit. The evidence presented at trial, construed most strongly to support the verdict, was more than sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Loumakis v. State*, 179 Ga. App. 294, 299 (8) (346 SE2d 373).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 3. However, I reach the conclusion of the Court in Division 2 by a different route.

Defendant did not raise non-compliance with Uniform Superior Court Rule 31.3 below and thus cannot raise for the first time here his second enumeration of error, that the trial court did not hold an adequate hearing to determine the admissibility of the prior burglary conviction. *Riddle v. Camp*, 179 Ga. App. 129, 131 (2) (345 SE2d 667) (1986).

That should end the inquiry, but since the Court has examined the merits, it should be noted that there was no error and the harmless error rule does not apply. The hearing on the question of admissibility, just before trial when defendant filed a motion in limine, was prompted by the very fact that defendant had been notified of the state's intent. Counsel stated that he was served a copy of defendant's prior record, and that it reflected the guilty plea in question. The state also acknowledged having given notice. The record not only contains the notice itself, served two months before trial, but it also shows that the defendant twice subpoenaed the police report regarding the earlier burglary.

The court considered the certified copy of the first offense, fully heard argument from both sides, and finding that it involved defendant and was similar, ruled that it would be admissible by denying the motion in limine. Thus I see no error. See generally *Carter v. State*, 177 Ga. App. 647, 648 (1) (340 SE2d 622) (1986). Even if there was some deviation from the procedure provided by Rule 31, it was

waived by defendant's failure to object on this ground. *Hagger v. State*, 179 Ga. App. 16 (2) (345 SE2d 118) (1986).

Assuming for the moment that there was some procedural non-compliance with the Rules, and that it was properly raised, there is a problem with application of the principle that appellant must show a substantial and harmful violation in order to gain reversal. If this be the norm, it will be difficult to compel compliance with the Rules. The burden should be on the violator to justify the violation or show its non-effect, not on the one whom it seeks to protect to show how he has been adversely affected. Simply his showing of a violation should cast the burden on the violator.

DECIDED APRIL 17, 1987.

*Charles C. Grile*, for appellant.

*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.