### 75654. RICE v. THE STATE.
(366 SE2d 322)

BENHAM, Judge.

Appellant was convicted of four counts of armed robbery. On appeal he maintains that the trial court erred in admitting evidence of similar transactions and that he was not afforded his constitutional right to effective assistance of counsel.

1. Each of the four victims positively identified appellant as one of two men who entered a commercial establishment where the victim was, spent some time there, and then robbed the proprietor and customers at gunpoint. The man purported to be appellant's accomplice appeared as a witness for the State and testified that he and appellant committed the armed robberies for which appellant was on trial, as well as three other armed robberies with which appellant was not charged. The uncharged crimes occurred within days of the charged crimes; were committed in the same area of DeKalb County as the charged crimes; followed the same method of operation as that displayed in the charged crimes; and the descriptions of the perpetrators given by the victims generally fit appellant and the accomplice/witness. Appellant's 1975 conviction of armed robbery was also introduced as evidencing a similar transaction.

"Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *Baxter v. State*, 160 Ga. App. 181 (2) (286 SE2d 460) (1981). Appellant contends that the testimony of his accomplice is not sufficient to establish the proof of identity and involvement necessary to permit the introduction of the uncharged

crimes as similar transactions. While there must be independent corroboration of an accomplice's testimony as to the identity and participation of a defendant in order to convict the defendant of that crime (OCGA § 24-4-8; *Ledford v. State*, 162 Ga. App. 221, 223 (291 SE2d 82) (1982)), "[c]ircumstantial evidence may be used to establish a prior similar offense. [Cit.] Whether the circumstantial evidence is enough to show [the defendant] to be the [perpetrator] of the other offenses is a matter for the jury to decide. [Cit.]" *Baxter v. State*, supra.

Since appellant did not present the remainder of his appellate argument concerning the admission of the evidence of similar transactions in the trial court, we may not now consider it. *Hagger v. State*, 179 Ga. App. 16 (2) (345 SE2d 118) (1986).

2. In an amended motion for new trial filed by new counsel, and now on appeal, appellant contended he was denied the effective assistance of counsel at trial. Cf. *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987). Appellant contends his trial counsel was deficient in failing to impeach the testimony of his alleged accomplice through the use of the testimony of appellant and other witnesses whose names appellant provided his attorney. At the hearing held pursuant to appellant's motion for new trial, appellant's trial counsel testified that the defense presented was that of mistaken identity and that she decided not to call appellant as a witness due to his criminal history. Appellant wished his trial counsel to call certain witnesses to show the bad relationship between appellant and the accomplice/witness who had testified against him. At the post-trial hearing, appellant's uncalled witnesses gave their testimony about an event in 1970 involving appellant and the accomplice/witness. Cross-examination of those witnesses revealed that they had not actually witnessed the exchange between appellant and the accomplice/witness in 1970, and that they had no idea of the accomplice's attitude toward appellant at the time this crime was committed in 1986.

"[I]n determining whether there has been actual ineffective assistance of counsel, thereby requiring the reversal of defendant's conviction[,] [t]he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. [Cits.] . . . [C]ounsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.] The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable profes-

sional conduct. Regarding the second prong of the test, the defendant must show . . . there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors. [Cits.]" *Gabler v. State*, 177 Ga. App. 3, 5 (338 SE2d 469) (1985).

From review of the record it is clear that trial counsel's decisions not to call appellant as a witness falls into the category of trial strategy. It is evident from the post-trial testimony of the three witnesses appellant wished had been called at trial that their testimony would not have brought the result appellant wished. Furthermore, while we find no deficiency in trial counsel's performance that falls without the range of "reasonably effective assistance," we must note that, in light of the positive identification of appellant as a perpetrator by all four armed robbery victims, appellant has failed to show a reasonable probability that the outcome of his trial would have been different had trial counsel offered the testimony of appellant and the other three witnesses in an effort to impeach the accomplice/witness.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in Division 2 and in judgment.*

DECIDED FEBRUARY 2, 1988 —
REHEARING DENIED FEBRUARY 29, 1988 — 

*Calvin A. Leipold, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, James W. Richter, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.