### 76199. HARRISON v. THE STATE.
(370 SE2d 7)

POPE, Judge.

Clarence Harrison brings this appeal from his conviction and sentence of rape, robbery and kidnapping. *Held*:

1. The evidence was sufficient, when viewed in a light favorable to the verdict, to convince any rational trier of fact as to defendant's guilt of the crime of rape beyond a reasonable doubt. See, e.g., *Wooten v. State*, 229 Ga. 409 (191 SE2d 838) (1972); *Ford v. State*, 180 Ga. App. 807 (1) (350 SE2d 816) (1986); *Moore v. State*, 151 Ga. App.

100 (1) (258 SE2d 915) (1979).

2. Defendant cites as error the trial court's allowing a police investigator to relate hearsay to explain his conduct. In response to a question as to whether his canvassing the area of the crime had resulted in any clues as to the identity of the perpetrator, the investigator stated that an unidentified person "that I talked to there told me that . . . a guy that lived at 132 North Fourth Avenue that lived over in that area had a watch that he was trying to sell. And upon my investigation . . . I found out that . . . was Clarence Harrison's residence." The investigator did not take any action "as far as arresting or anything" based upon this information. However, he later went to the residence and asked to speak with defendant, who was not at home at the time. The investigator was aware that a watch had been taken from the victim at the time of the crimes charged.

The defendant objected to the above testimony on the ground of hearsay, and on appeal he cites as supporting authority the holding in *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984), viz, the "admission of the testimony of the investigating officer relating his conversation with a third party 'for the limited purpose of explaining the officer's conduct in the continuing investigation of the [crime' (cit.)] was error" as such information was neither material nor relevant, i.e., was not a matter concerning which the truth must be found. Id. at 536-537. The State countered defendant's hearsay objection with the argument that this testimony explained the investigator's "conduct in developing this defendant as a suspect, . . . the whole issue in this case [being] the identity of the defendant." The trial court instructed the jury that the limited purpose of this testimony was to explain the investigator's conduct in this matter.

We assume arguendo that under the circumstances in this case, the trial court erred in admitting the subject testimony. See *Teague*, supra; cf. *Cody v. State*, 124 Ga. 446 (1) (52 SE 750) (1905); *Bettis v. State*, 160 Ga. App. 109 (1) (286 SE2d 759) (1981); and *Forbes v. State*, 51 Ga. App. 465 (2) (180 SE 914) (1935), wherein it was material to explain how or why a search for property was made. Nevertheless, we find it highly probable that the error did not contribute to the judgment. The victim positively identified defendant as the perpetrator of the crimes; defendant was unable to establish an alibi for the time in question; the "guy" attempting to sell the watch at defendant's residence was not identified; and the trial court gave appropriate limiting instructions. Any error under these circumstances was not harmful to defendant so as to require reversal of his convictions. See *Griffin v. State*, 170 Ga. App. 287 (3) (316 SE2d 797) (1984). See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. The victim was moved from place to place where she was repeatedly raped. We thus find no basis for concluding that the crimes

of rape and kidnapping merge in this case as neither is included in the other as a matter of fact or as a matter of law. *Ellis v. State*, 181 Ga. App. 630 (5) (353 SE2d 822) (1987); *Clark v. State*, 166 Ga. App. 366 (2) (304 SE2d 494) (1983). The holding in *Frederick v. State*, 181 Ga. App. 600 (2) (353 SE2d 41) (1987), does not require a contrary result because in the case at bar the State did not use up all the evidence that defendant committed the crime of kidnapping in establishing the crime of rape.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 13, 1988 —
REHEARING DENIED MAY 27, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, James W. Richter, Assistant District Attorneys*, for appellee.