## A89A1794. TYNER v. THE STATE.

(387 SE2d 50)

BANKE, Presiding Judge.

The appellant was convicted of aggravated assault and possession of a firearm by a convicted felon. He appeals from the denial of his motion for new trial. *Held*:

1. The victim of the assault did not testify at the trial, and the appellant contends that the following testimony by the investigating officer regarding what the alleged victim had told him should have been excluded as hearsay: Q: "As a result of [the shooting at Frank's Supper Club] did you take any action? . . ." A: "Yes sir. . . . [W]e arrived at Frank's place . . . and we was questioning some witnesses in reference to the shooting and they advised they just heard shots and somebody yelled 'over there', and we went around the corner . . . and there we saw the victim lying on the ground and it appeared that he had two gunshot wounds on him." Q: "After finding the victim what did y'all do with the victim?" A: "I talked to the victim . . . and I asked him who shot him and he advised me that a Mr. Henry — He didn't know the subject's last name. . . ."

The state contends that this testimony was properly admitted pursuant to OCGA § 24-3-2 as evidence tending to explain the officer's conduct. It is not immediately apparent how the officer's subsequent conduct was relevant to the issue of the appellant's guilt or innocence. See generally *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). However, even assuming arguendo that the trial court erred in admitting the testimony, we conclude that the error was harmless in the context of the other testimony in the case, which established beyond dispute that the appellant had committed the shooting. Accord *Harrison v. State*, 187 Ga. App. 268, 269 (370 SE2d 7) (1988).

2. The appellant contends for the first time on appeal that the trial court erred by allowing testimony concerning another statement the victim had made to the police, asserting that this evidence violated his Sixth Amendment right to confront the witnesses against him. It is axiomatic that objections to evidence not raised at trial will not be considered on appeal. *Alonso v. State*, 190 Ga. App. 26 (4) (a) (378 SE2d 354) (1989). Consequently, this enumeration presents nothing for review.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 6, 1989 —

*Mark G. Pitts*, for appellant.

Henry Tyner, *pro se*.

*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.